IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAMI TAROCHIONE,<br><br>    Plaintiff,<br><br>v.<br><br>COMMONWEALTH EDISONCOMPANY, an Illinois corporation, EXELON CORPORATION, a Pennsylvania corporation, STONE & WEBSTER, INC., a Louisiana corporation, NEWBERG-PERINI, INC., and Illinois Corporation, and PERINI CORPORATION, a Massachusetts corporation,<br><br>    Defendants. | Case No.:  08 CV 3147<br><br>Judge Kennelly<br><br>Magistrate Judge Denlow |

**DEFENDANTS EXELON CORPORATION'S AND COMMONWEALTH EDISON COMPANY'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(1) and (6), FED. R. CIV. P.**

Defendants Exelon Corporation and Commonwealth Edison Company ("ComEd"), by and through its attorneys, and pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, hereby move to dismiss Plaintiff Tami Tarochione's Complaint, in it entirety and with prejudice, as to Exelon Corporation and ComEd, for the following reasons, as more fully stated in its Memorandum of Law in Support of Its Motion to Dismiss, filed simultaneously with this Motion.

*First*, Tarochione failed to exhaust her administrative remedies by filing a timely administrative charge in which she named ComEd and Exelon Corporation as parties responsible for the alleged conduct as required under Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et. seq.*

*Second*, even if Tarochione had given ComEd and Exelon Corporation timely notice of her intentions, the Complaint must still be dismissed as to each entity because neither is a proper defendant in this action. Exelon Corporation is not an "employer" against

C125260

which an action may be brought under Title VII, and ComEd was not Tarochione's employer.

*Third*, Tarochione did not file a timely charge of discrimination within 300 days after the allegedly discriminatory conduct occurred. 42 U.S.C. § 2000e-5(e)(1).

*Fourth*, as a matter of law, the well-pled allegations fail to state a claim of either sex discrimination or sexual harassment.

*Fifth,* and finally, even if one ignores the fact that Tarochione's claims are not timely, Tarochione cannot make out a claim of retaliation because she never complained about a practice prohibited by Title VII.

WHEREFORE, Defendants Exelon Corporation and Commonwealth Edison Company request dismissal of the Complaint, in its entirety, and with prejudice as to Exelon Corporation and ComEd and that they be granted such additional relief as the Court deems proper.

                                          Respectfully submitted,

Dated: July 28, 2008            DEFENDANTS EXELON CORPORATION
                                          and COMMONWEALTH EDISON
                                          COMPANY

                                          By:    s/Kent Sezer
                                                    One of its attorneys

Tamra Domeyer (ARDC # 6210379)
Kent Sezer (ARDC #2556359)
EXELON BUSINESS SERVICES COMPANY
10 South Dearborn Street, 49th Floor
Chicago, Illinois 60603
(312) 394-7831
(312) 394-4895 fax

Attorneys for Defendants Exelon Corporation
and Commonwealth Edison Company

2