UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TAMI M. TAROCHIONE, | ) |
| | ) Case No. 08 CV 3147 |
| Plaintiff, | ) |
| | ) Assigned Judge: Judge Kennelly |
| v. | ) |
| | ) Designated |
| COMMONWEALTH EDISON COMPANY, et al. | ) Magistrate Judge: Judge Denlow |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION FOR LEAVE TO FILE THEIR AMENDED MOTION TO DISMISS

NOW COME, Defendants, Stone & Webster, Inc., The Shaw Group, Inc. and Perini Corporation, by and through their attorneys, and request that they be allowed to amend their Motion to Dismiss and Supporting Memorandum of Law, copies of which are attached hereto as Group Exhibit 1, and in support hereof, state:

Defendants' previously filed Motion to Dismiss and Memorandum in Support thereof inadvertently reference one of the Defendants named in Plaintiff's Complaint, Newberg-Perini, an Illinois Corporation. Defendants subsequently learned that Newberg-Perini is not a corporation as Plaintiff asserted, but merely a division of Perini Corporation. Defendants now request leave of Court to amend their prior Motion to Dismiss and supporting brief to reflect the proper parties and to withdraw one of the arguments raised in said pleadings without prejudice to reasserting said argument in the future.

WHEREFORE, Defendants, Stone & Webster, Inc., The Shaw Group, Inc. and Perini Corporation request that the Court allow Defendants to file their Amended Motion

to Dismiss, Memorandum of Law in support thereof, and such other relief as the Court deems just.

Respectfully submitted,

STONE & WEBSTER, INC., THE SHAW GROUP, INC. and PERINI CORPORATION


By:    s/ F. Kevin Murnighan
        One of their attorneys

Michael J. Murray – ARDC# 6182942
Edmund P. Boland – ARDC# 0246522
F. Kevin Murnighan – ARDC# 1960822
CAREY, FILTER, WHITE & BOLAND
33 W. Jackson Blvd., 5th Floor
Chicago, Illinois 60604
(312) 939-4300

## **GROUP EXHIBIT 1**

AMENDED MOTION TO DISMISS

AND

AMENDED MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

H:\WD\4034\16\RAZ5672.DOC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TAMI M. TAROCHIONE, | ) |
| | ) Case No. 08 CV 3147 |
| Plaintiff, | ) |
| | ) Assigned Judge: Judge Kennelly |
| v. | ) |
| | ) Designated |
| COMMONWEALTH EDISON COMPANY, et al. | ) Magistrate Judge: Judge Denlow |
| | ) |
| Defendants. | ) |

## AMENDED MOTION TO DISMISS

NOW COME Defendants, Stone & Webster, Inc., The Shaw Group, Inc.and Perini Corporation, impleaded herein as Newberg Perini, an Illinois Corporation, by and through their attorneys, and move this Court to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and, in support thereof, state:

1. Plaintiff's Complaint purports to state a cause of action for sexual discrimination, harassment and retaliation against various Defendants. Attached hereto as Group Exhibit A is a copy of the Notice of the Right to Sue and a copy of the Charge filed with the Equal Employment Opportunity Commission (EEOC).

2. As reflected by the Charge filed with the EEOC, Plaintiff's Complaint is barred as a result of Plaintiff's failure to timely file the Charge with the EEOC.

3. The claims for discrimination, harassment and retaliation fail to state a claim upon which relief can be granted.

4. In further support of this Motion, Defendants have filed a Supporting Memorandum of Law, which is adopted and incorporated herein by reference.

H:\WD\4034\16\RAZ5672.DOC

WHEREFORE, Defendants, Stone & Webster, Inc., The Shaw Group, Inc. and Perini Corporation pray that Plaintiff's Complaint be dismissed with prejudice or such other relief as the court deems just and equitable.

Respectfully submitted,

Stone & Webster, Inc., The Shaw Group, Inc. and Perini Corporation

By:     s/ F. Kevin Murnighan
        One of their attorneys

Michael J. Murray - 6182942
Edmund P. Boland - 0246522
F. Kevin Murnighan - 1960822
CAREY, FILTER, WHITE & BOLAND
33 W. Jackson Blvd., 5th Floor
Chicago, Illinois 60604
(312) 939-4300

H:\WD\4034\16\RAZ5672.DOC

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Tami Tarochione | From: | Chicago District Office |
|---|---|---|---|
| | 313 Railroad Avenue | | 500 West Madison St |
| | Ottawa, IL 61350 | | Suite 2800 |
| | | | Chicago, IL 60661 |
| | CERTIFIED MAIL  7099 3400 0014 4053 7996 | | |

☐ *On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No | EEOC Representative | Telephone No. |
|---|---|---|
| | Donald Marvin, | |
| 440-2007-02877 | Investigator | (312) 353-8198 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*John P. Rowe*                2-29-08

John P. Rowe,
District Director

*(Date Mailed)*

cc.     NEWBERG PERINI STONE & WEBSTER (VENTURE)



EXHIBIT

GROUP A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA | |
| | ☒ EEOC | 440-2007-02877 |

| Illinois Department Of Human Rights | | and EEOC |
|---|---|---|
| State or local Agency, if any | | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Tami Tarochione | (815) 434-5706 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 313 Railroad Avenue, Ottawa, IL 61350 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| NEWBERG PERINI STONE & WEBSTER (VENTURE) | 15 - 100 | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 36400 South Essex Road, Wilmington, IL 60481 | RECEIVED EEOC | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | FEB 12 2007 | |

| Street Address | City, State and ZIP Code |
|---|---|
| | CHICAGO DISTRICT OFC |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN

☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 02-25-2006    Latest: 04-24-2006

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was employed by the above named Respondent as a Laborer at its client's, Exelon, LaSalle Nuclear Power Station. Since on or about February 25, 2006 I was subjected to sexual harassment and harassment by a co-worker that is transgender, in that this individual repeatedly entered the woman's bathroom/locker room while I was changing from work scrubs into personal clothing. On Feb 26–27, 2006, Respondent's Labor Oppimicadion HIR and Project Site Manager threatened me with the loss of my job if I did not keep quiet about the transgender individual. I complained about this to Respondent. I was subsequently subjected to rude sexual comments and inappropriate questions of a sexual nature regarding my co-worker. Beginning on March 3, 2006, I was subjected to criticisms about my work and the Labor Superintendent threatened my continued employment. On or about March 11, 2006, I was notified that I was discharged for insubordination and was replaced by another employee. On or about March 15 or 16, 2006 I contacted Respondent's Site Vice President and reported what had occurred to me. On or about April 11, 2006 I was called by Respondent to report to its client's Braidwood facility. On April 13, 2006, I declined the request to sign a document stating that I would not sue Respondent in return for processing me at my new assignment. I was also informed that the transgender employee who had been harassing me was now working at this facility. On or about April 24, 2006, I was discharged.

I believe I have been discriminated against because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe that I was retaliated against for complaining about discrimination in violation of Title VII.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 2-6-07      _Tami M Tarochione_<br>Date            Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TAMI M. TAROCHIONE, ) | |
| ) | Case No. 08 CV 3147 |
| Plaintiff, ) | |
| ) | Assigned Judge: Judge Kennelly |
| v. ) | |
| ) | Designated |
| COMMONWEALTH EDISON COMPANY, et al. ) | Magistrate Judge: Judge Denlow |
| ) | |
| Defendants. ) | |

### AMENDED MEMORANDUM OF LAW
### IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

NOW COME, Defendants, Stone & Webster, Inc., The Shaw Group, Inc. and Perini Corporation, by and through their attorneys, and in further support of their Motion to Dismiss, submit this Memorandum of Law.

### INTRODUCTION

As reflected by Group Exhibit A, which is attached to Defendants' Amended Motion to Dismiss and which is also attached hereto, Plaintiff filed her Charge of Discrimination against her employer, Newberg/Perini-Stone & Webster, a joint venture, (the "Venture") who has not been named as a Defendant in this lawsuit. As is apparent from the Charge, Plaintiff asserts two separate claims relating to two separate times she was employed by the Venture at two different nuclear plants, one located in LaSalle and the other at Braidwood, Illinois.

Plaintiff filed her Charge with the Equal Employment Opportunity Commission (EEOC) on February 12, 2007 and alleged in the Charge that on or about February 25, 2006, she was employed as a laborer at the LaSalle Nuclear Power Station and was

subject to sexual harassment by a co-worker that is transgender in that the co-worker entered the women's bathroom/locker room while Plaintiff was changing into her personal clothing. Plaintiff alleges that she complained about this transgender individual being allowed in the women's locker room and that she was eventually discharged on or about March 11, 2006.

After she was allegedly discharged from LaSalle, Plaintiff alleges that on or about April 11, 2006, she was called to report to the Braidwood nuclear facility by her union and was eventually hired and on April 24, 2006 she was laid off.

In January 2006, the Illinois Human Rights Act provided that it was illegal for employers doing business in Illinois to discriminate against individuals on the basis of sexual orientation. Sexual orientation is defined as "actual or perceived…gender related identity, whether or not traditionally associated with the person's designated sex at birth." 775 ILCS 5/1-103 (O-1) (2008). Thus, Karen (the transgender individual referenced in Plaintiff's Charge) requested and was authorized by the Venture to use the women's locker room facilities at the LaSalle plant in February of 2006.

Defendants move pursuant to Federal Rule 12(b) to dismiss the Complaint on the following grounds:

(A)    that Plaintiff's Charge asserting alleged Title VII claims are barred because the claims were not timely filed with the Equal Employment Opportunity Commission (EEOC) in that Plaintiff did not file her original Charge in this case until February 12, 2007, and the 300th day prior to the filing the

Charge was April 18, 2006; a date which was 338 days after March 11, 2006; and

(B)    that the Complaint before the Court fails to state a claim upon which relief can be granted.

## ARGUMENT

## I

### PLAINTIFF'S TITLE VII CLAIMS SHOULD BE DISMISSED WITH PREJUDICE BECAUSE THEY ARE TIME BARRED AS THE CHARGE WAS FILED MORE THAN 300 DAYS AFTER THE ALLEGED ACTS OF DISCRIMINATION

In *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir., 2002), the Seventh Circuit explained that it is "well settled in the circuit that documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on a motion to dismiss."

Here, it is obvious from the Charge that was filed with the EEOC that Plaintiff's Title VII claims are outside the 300-day period allowed by the statute for the commencement of such actions. To be timely, the Plaintiff was required to file her alleged charge of discrimination within 300 days of her alleged termination on March 11, 2006. To determine when a Title VII claim accrued, and thus when the limitations period started running, the Court must first "identify with care the specific employment practice that is at issue." *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 127 S.Ct. 2162, at 2167 (2007), and then decide both "when the practice occurred" (42 U.S.C. 2000(e)-5(e)(1)

which simply means when it happened and when the practice was communicated to the plaintiff. *Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980). See also *Beamon v. Marshall & Ilsley Trust Co.,* 141 F.3d 854, 860 (7th Cir., 2005) "For purposes of this statute of limitations, discrete discriminatory employment actions such as termination, … are deemed to have been taken on the date they occurred…"

Before filing suit, anyone wishing to challenge a termination as violative of Title VII must file a charge with the EEOC. 42 U.S.C. 2000(e)-5(e)(1). When a state has an agency authorized to remedy Title VII violations, as Illinois does, the time to file an EEOC charge is within 300 days (after the alleged unlawful employment practice occurred). See *Stepney v. Naperville School Dist. 203*, 392 F.3d 236, 239 (7th Cir., 2004). If no timely claim is filed, the claim must be dismissed as time barred. *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 127 S.Ct. 2126 (2007).

Here, the statements in the Charge clearly reflect that the alleged discrimination based on sex and retaliation occurred in late February of 2006 and Plaintiff was terminated on March 11, 2006. Plaintiff filed her Charge with the EEOC on February 12, 2007, a date which is 338 days after the alleged discrimination. Thus, Plaintiff failed to file her Charge within 300 days after her cause of action accrued and Plaintiff's Complaint should be dismissed with prejudice.

**II**

### PLAINTIFF'S UNSUPPORTED ALLEGATIONS OF GENDER DISCRIMINATION FAIL TO PROVIDE "FAIR NOTICE" OF THE GROUNDS UPON WHICH HER CLAIM REST

Plaintiff filed her Complaint with the Court and, although referencing the Charge of Discrimination in paragraph 13 as well as the Notice of Right to Sue, neither the Complaint that was filed with the Clerk nor the Complaint that was served on Defendants have a copy of Exhibit A. Assuming, for purposes of argument, that the Charge that is referenced in paragraph 13 of the Complaint is the Charge attached to Defendants' Motion to Dismiss, on its face, both the Complaint and the Charge fail to state a claim upon which relief can be granted even under liberal federal pleading standards. Indeed, Plaintiff's Complaint cannot state a claim for discrimination against any of these Defendants or the Venture itself for recognizing the right of a transgender to use the women's locker facilities and other facilities given the Illinois statute that requires an employer not to discriminate against individuals based on their perceived gender.

In deciding a motion to dismiss under 12(b)(6), a court must accept plaintiff's allegations as true. However, "[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(6)(6) (citation omitted). *Jackson v. E.J. Brach, Corp.*, 176 F.3d 971, 977-78 (7th Cir., 1999) Moreover, the United States Supreme Court stated that a plaintiff is obligated to provide "more than labels and conclusions, and a formalistic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). See also *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773 (7th Cir., 2007). While the Charge that was filed with the EEOC by the Plaintiff and Plaintiff's Complaint reflect that Plaintiff objected to the Venture's decision to allow a transgender co-worker to enter and use the women's bathroom/locker room at the LaSalle nuclear power station and that on or about

April 13, 2006 through April 24, 2006, respondent was required to work at a nuclear facility where the transgender employee was also assigned, such allegations fail to establish a claim under Title VII. Plaintiff's Complaint, rather than alleging the facts that are set forth in the Charge, pleads facts which are clearly outside the Charge that was filed against the respondent Venture with the EEOC. Indeed, the facts alleged in the Complaint are not only not alleged in the Charge, but they clearly are outside the allegations in the Charge.

Generally, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in the EEOC Charge. *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir., 1994). In addressing this issue, the court stated: "To encompass outside the ambit of the predicate EEOC Charge would frustrate the EEOC's investigatory role, as well as deprive the charged party of notice of the charge." 31 F.3d at 500. Here, if the Court were to view the claims relating to the conduct that occurred at the Braidwood plant as being reasonably related to the Charge, nowhere in the Charge other than referencing the transgender individual as being on the premises of the plant, does Plaintiff set forth a factual basis for discrimination, harassment or retaliation. Indeed, although there is no reference in the Charge itself, Plaintiff alleges in her Complaint that at some time during the time she was employed at the Braidwood plant, she sat at a lunch table with Karen and became upset and was laid off of work. (See ¶¶ 36 and 38 of the Complaint and Group Exhibit A)

Title VII's prohibition on sex discrimination does not extend as far as Plaintiff suggests in her Complaint. Here, the use of a women's locker room is an inherent part of

ones identity and to bar Karen from using this facility would clearly violate Illinois law. Moreover, Karen's use of the locker room or dining facilities at the LaSalle and Braidwood plants certainly does not give rise to a claim under Title VII.

According to the Charge filed by Plaintiff with regard to her employment at the Braidwood nuclear facility, Plaintiff states in relevant part:

> "On or about April 11, 2006 I was called by Respondent to report to its client's Braidwood facility.  On April 13, 2006, I declined the request to sign a document stating that I would not sue Respondent in return for processing me at my new assignment.  I was also informed that the transgender employee who had been harassing me was now working at this facility.  . . . ."

In this aspect of her EEOC Charge, Plaintiff makes no mention of retaliation by anyone, nor does she state that she lodged any complaints to management regarding sexual harassment by any co-worker at the Braidwood facility, nor does the Plaintiff suggest the basis for any discrimination.  Indeed, nowhere in the Charge does Plaintiff allude to the incident that is referenced in her Complaint where Karen sat at the same lunch area where Plaintiff was eating.  Hence, it is obvious that Plaintiff has failed to set forth any basis for discrimination under Title VII with regard to her employment at the Braidwood facility. Indeed, in her present Complaint, she acknowledges that she was laid off by the venture.

In *O'Rourke v. Continental Casualty Co.*, 983 F.2d 94 (7th Cir., 1993), the court held that retaliation and age discrimination are unrelated as a matter of law stating that retaliation is essentially the "adverse consequence deliberately attached to the exercise of a right protected by law."  983 F.2d at 97.  Clearly, Karen's presence at the Braidwood

facility while Plaintiff was working cannot and does not constitute retaliation or discrimination.

In addressing the issue of whether a school district's policy of allowing a transgender male to use a women's faculty restroom constituted sexual harassment based on hostile environment, the court in *Cruzan v. Special School District No. 1*, 294 F.3d 981 (8th Cir., 2002) found that the policy did not create a hostile work environment and did not result in Plaintiff suffering adverse employment action stating:

> We thus agree with the District Court that the school district's decision to allow Davis to use the women's facility restroom does not rise to the level of adverse employment action.

> * * *

> To establish a sexual harassment claim based on hostile work environment... The harassment must be so severe or pervasive that it alters the conditions of employment and creates an abusive working environment. *Id.* at 756. To make this showing, Cruzan had to establish the school was 'permeated with discriminatory intimidation, ridicule, and insult.' *Id.* at 756-57. Courts examine the totality of the circumstances and consider whether a reasonable person would have found the environment hostile or abusive. *Id.* at 757. We agree with the district court that Cruzan failed to show the school district's policy allowing Davis to use the women's faculty restroom created a working environment that rose to this level. *Cruzan*, 165 F.Supp.2d at 968-69. The school district's policy was not directed at Cruzan and Cruzan had convenient access to numerous restrooms other than the one Davis used. Cruzan does not assert Davis engaged in any inappropriate conduct other than merely being present in the women's faculty restroom. Given the totality of the circumstances, we conclude a reasonable person would not have found the work environment hostile or abusive. 294 F3d at 284

In order to withstand a motion to dismiss, a complaint must allege facts setting forth the essential elements of a claim. *Strauss v. City of Chicago*, 760 F.2d 765 (7th Cir. 1985) Plaintiff's Complaint fails to allege sufficient facts to set forth the essential

11                                                                    H:\WD\4034\16\RAZ5672.DOC

elements of a claim for sexual discrimination, harassment or retaliation. Here, Plaintiff attempts to name various entities alleging that each entity employed Plaintiff during the separate times that she was employed at two separate nuclear facilities. As a consequence, the allegations, even assuming *arguendo*, the Court were to consider the allegations outside the Charge, fail to delineate which entity is purportedly liable for the theories alleged in the Complaint and Plaintiff has failed to allege which entity is the purported employer that Plaintiff seeks to sue in the case at bar or which co-worker of which entity purportedly sexually harassed Plaintiff.

Here, the plaintiff fails to provide any of the defendants, even a bare minimum of the facts. See also *Perkins v. Silverstein*, 939 F.2d 463, 467-68 (7th Cir., 1991) (holding that plaintiff's claim that defendant made "unwelcome sexual advances" that "affected the terms and conditions of plaintiff's employment, was a mere recitation of the statutory language that failed to provide adequate notice of plaintiff's claim.)

Title VII makes it unlawful "for an employer to discriminate against any of his employees...because he has opposed any practice made an lawful employment practice." by Title VII. 42 U.S.C. § 2000(e)-3(a) In order to state a claim under the opposition clause of Title VII's anti-retaliation provision, the Plaintiff here must establish that Plaintiff was engaged in protected activity. See *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663, 666 (7th Cir., 2006). If a plaintiff opposed conduct that was not proscribed by Title VII, no matter how frequent or severe, then her sincere belief that she opposed an unlawful employment practice cannot be reasonable." *Hammer v. St. Vincent Hospital Health Care Center, Inc.*, 224 F.3d 701, 708 (7th Cir., 2000). Here, the only reasonable

reading of the Charge that Plaintiff filed is that Plaintiff objects to the Venture's decision

to allow an individual that was transgender to use the women's locker room facility at the

LaSalle power plant and allowed the transgender to also work at the facility located in

Braidwood. Here, the fact that the Venture complied with the statutory mandate of the

Illinois legislature regarding transgender individuals, cannot be the predicate for a Title

VII action and therefore, the Complaint before the Court fails to state a claim for which

relief can be granted.

As the Supreme Court stated in *Oncal v. Sundown or Offshore Services, Inc.*, 523

U.S. 75, 118 S.Ct. 998 (1998):

> "Title VII does not prohibit all verbal or physical harassment in the
> workplace; it is directed only at '*discriminat [ion]* ... because of ... sex.'

* * *

> The critical issue, Title VII's text indicates, is whether members of one sex
> are exposed to disadvantageous terms or conditions of employment to
> which members of the other sex are not exposed. (citing *Harris*, at 25 114
> S.Ct.)

* * *

> Whatever evidentiary route the plaintiff chooses to follow, he or she must
> always prove that the conduct at issue was not merely tinged with offensive
> sexual connotations, but actually constituted '*discrimina[tion]* ... because
> of ... sex." *Oncal*, supra, at 523 U.S. 8d 80-81.

Thus, the isolated contact and events alleged in the Charge at both nuclear plants does not

give rise to a claim nor has Plaintiff alleged that Karen engaged in any inappropriate

conduct other than being present in the women's locker room in the LaSalle plant and the

H:\WD\4034\16\RAZ5672.DOC

dining facilities at the Braidwood plant. The Complaint filed herein fails to state a claim upon which relief can be granted.

## CONCLUSION

For the reasons apparent of record, Defendants, Stone & Webster, Inc., The Shaw Group, Inc. and Perini Corporation, move this Court to dismiss Plaintiff's Complaint with prejudice or such other relief as the Court deems equitable.

Respectfully submitted,

STONE & WEBSTER, INC., THE SHAW GROUP, INC. and PERINI CORPORATION

By:___ s/ F. Kevin Murnighan_____
One of their attorneys

Michael J. Murray – ARDC# 6182942
Edmund P. Boland – ARDC# 0246522
F. Kevin Murnighan – ARDC# 1960822
CAREY, FILTER, WHITE & BOLAND
33 W. Jackson Blvd., 5th Floor
Chicago, Illinois 60604
(312) 939-4300

H:\WD\4034\16\RAZ5672.DOC

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Tami Tarochione<br>313 Railroad Avenue<br>Ottawa, IL 61350 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

CERTIFIED MAIL  7099 3400 0014 4053 7996

[ ]  On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-02877 | Donald Marvin,<br>Investigator | (312) 353-8198 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA): This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court** WITHIN 90 DAYS **of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ X ]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ X ]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court** WITHIN 90 DAYS **of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred** more than 2 years (3 years) **before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*                                    2-29-08

Enclosures(s)                          John P. Rowe,                    *(Date Mailed)*
                                       District Director

cc:    NEWBERG PERINI STONE & WEBSTER (VENTURE)



EXHIBIT

GROUP A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA | |
| | ☒ EEOC | 440-2007-02877 |

| Illinois Department Of Human Rights | | and EEOC |
|---|---|---|
| State or local Agency, if any | | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Tami Tarochione | (815) 434-5706 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 313  Railroad Avenue, Ottawa, IL 61350 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| NEWBERG PERINI STONE & WEBSTER (VENTURE) | 15 - 100 | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 36400 South Essex Road,  Wilmington, IL 60481 | RECEIVED EEOC | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | FEB 12 2007 | |

| Street Address | City, State and ZIP Code |
|---|---|
| | CHICAGO DISTRICT OFC |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest    Latest |
| ☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN | 02-25-2006    04-24-2006 |
| ☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ OTHER (Specify below.) | ☒ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was employed by the above named Respondent as a Laborer at its client's, Exelon, LaSalle Nuclear Power Station. Since on or about February 25, 2006 I was subjected to sexual harassment and harassment by a co-worker that is transgender, in that this individual repeatedly entered the woman's bathroom/locker room while I was changing from work scrubs into personal clothing. On Feb 26–27, 2006, Respondent's Labor Oppimicadion HIR and Project Site Manager threatened me with the loss of my job if I did not keep quiet about the transgender individual. I complained about this to Respondent. I was subsequently subjected to rude sexual comments and inappropriate questions of a sexual nature regarding my co-worker. Beginning on March 3, 2006, I was subjected to criticisms about my work and the Labor Superintendent threatened my continued employment. On or about March 11, 2006, I was notified that I was discharged for insubordination and was replaced by another employee. On or about March 15 or 16, 2006 I contacted Respondent's Site Vice President and reported what had occurred to me. On or about April 11, 2006 I was called by Respondent to report to its client's Braidwood facility. On April 13, 2006, I declined the request to sign a document stating that I would not sue Respondent in return for processing me at my new assignment. I was also informed that the transgender employee who had been harassing me was now working at this facility. On or about April 24, 2006, I was discharged.

I believe I have been discriminated against because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe that I was retaliated against for complaining about discrimination in violation of Title VII.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the above is true and correct. | SIGNATURE OF COMPLAINANT |
| 2-6-07    Tami M Tarochione | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date          Charging Party Signature | |