# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3147 | **DATE** | 8/5/2008 |
| **CASE TITLE** | Tarochione vs. Commonwealth Edison Co., et al. | | |

**DOCKET ENTRY TEXT**

Status hearing held in chambers with attorneys for all parties. Motions to dismiss [8, 13, 18] are denied in part, taken under advisement in part, and converted to motions for summary judgment in part as stated below. Plaintiff is granted leave to file an amended complaint, naming a new defendant or defendants, on or before 8/26/08, with summons to issue. Response to remainder of motions to dismiss / converted motion for summary judgment is to be filed by 9/9/08; replies are to be filed by 9/23/08. Ruling and status hearing is set to 10/23/08 at 9:30 a.m. Counsel should be prepared to set a discovery schedule at that date and time.

■[ For further details see text below.]       Docketing to mail notices.

## STATEMENT

The two groups of defendants have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

a) Both groups of defendants argue that plaintiff's claims, or at least her claims arising out of the purported 3/11/06 termination, are barred because plaintiff did not file a timely administrative charge (Exelon argument III.A.1.b, Stone & Webster argument I). Because a plaintiff need not "plead around" affirmative defenses like the statute of limitations, the motions, to the extent they are based on this point, are converted to motions for summary judgment.
b) Defendants Exelon and ComEd seek dismissal on the ground that they were not named in the administrative charge(s) (Exelon argument III.A.1.a). This is properly a motion to dismiss, and plaintiff should respond as such.
c) Both groups of defendants argue that plaintiffs' claims are not pled sufficiently (Stone & Webster argument II; Exelon arguments III.B & III.C). These arguments are not well taken; they largely rely on the proposition that a plaintiff is required to plead facts and/or a reading of the complaint in a light favorable to defendants, neither of which is the appropriate standard. The Court rejects these arguments; plaintiff need not respond to them.
d) Defendants Exelon and ComEd seek dismissal on the ground that they are not an employer under Title VII or are not plaintiff's employer (Exelon arguments III.A.1 & III.A.2). The Court rejects these arguments because they are contrary to allegations in the complaint; plaintiff need not respond to them.

| | Courtroom Deputy Initials: | mk |
|---|---|---|