**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **TAMI TAROCHIONE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **EXELON CORPORATION,** a Pennsylvania corporation, individually and d/b/a **COMMONWEALTH EDISON CO.,** an Illinois corporation, **EXELON GENERATION LLC,** a Pennsylvania limited liability company, **THE SHAW GROUP, INC.,** a Louisiana corporation, d/b/a **STONE & WEBSTER, INC.,** a Louisiana corporation, **PERINI CORPORATION,** a Massachusetts corporation, d/b/a **NEWBERG-PERINI, INC.,** an Illinois Corporation, **NEWBERG/PERINI-STONE & WEBSTER,** an Illinois joint venture, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 08 CV 3147

Judge Kennelly

Magistrate Judge Denlow |
| Defendants. | ) | |

**DEFENDANTS EXELON CORPORATION AND
COMMONWEALTH EDISON COMPANY'S AGREED MOTION FOR
LEAVE TO WITHDRAW A PORTION OF THEIR MOTION TO DISMISS**

Defendants Exelon Corporation and Commonwealth Edison Company (collectively, "Defendants"), by and through their attorneys, respectfully request that the Court grant them leave to withdraw Paragraph 4 of their Motion to Dismiss and Part III (A)(1)(b) of their Memorandum of Law ("Memorandum"). In support of their Motion, Defendants state as follows:

1. In Paragraph 4 of the Motion to Dismiss and in Part III (A)(1)(b) of the Memorandum Defendants argued that the original Complaint should be dismissed because the underlying

C126456

administrative charge relied upon by Plaintiff had not been filed within 300 days after many of the alleged violations of Title VII.

2. The Court indicated that it would convert the indicated portion of the Motion to Dismiss into a Rule 56 motion for summary judgment, and granted Plaintiff leave to respond.

3. In another portion of the Motion to Dismiss, Defendants argued that Plaintiff had failed to name his employer as a party defendant in this case. Plaintiff asked for and was granted leave to file an amended complaint naming new parties defendant.

4. On August 26, 2008, Plaintiff filed her First Amended Complaint, which not only added additional parties defendant, but also incorporated by reference an eight-page statement that Plaintiff alleges that she submitted to the EEOC with her Charge. *See* First Amended Complaint, ¶ 15 and Exhibit B.

5. In light of the changes in the factual allegations made by Plaintiff, Defendants desire to withdraw the indicated portion of their Motion to Dismiss without waiving their right to reassert the arguments raised therein after discovery has been had in this case.

6. Plaintiff has no objection to the withdrawal of this portion of the Motion to Dismiss.

7. Defendants continue to maintain that they were not properly named in the Complaint.

WHEREFORE, Defendants Exelon Corporation and Commonwealth Edison Company request that the Court grant them leave to withdraw the contention in their Motion to Dismiss that some of the claims in the Complaint should be dismissed because the Charge was not timely filed with respect to those claims. Defendants reserve the right to assert the same or similar arguments after full discovery has been had in this matter.

                                    Respectfully submitted,

Dated: September 4, 2008        EXELON CORPORATION and COMMONWEALTH
                                    EDISON COMPANY


                                  By:    s/Kent Sezer
                                         One of its attorneys

Tamra Domeyer (ARDC # 6210379)
Kent Sezer (ARDC #2556359)
EXELON BUSINESS SERVICES COMPANY
10 South Dearborn Street, 49th Floor
Chicago, Illinois 60603
(312) 394-7831
(312) 394-4895 fax

Attorneys for Defendants Exelon Corporation
and Commonwealth Edison Company